IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA
CIVIL DIVISION

MICHAEL CHERNY, and
LISA CHERNY

     Plaintiffs

vs.

                                    CASE NO.: 10-4067-CA-B

THE SHERWIN-WILLIAMS,               DIVISION:
COMPANY, an Ohio Corporation,
ADVANCE STORES COMPANY, INC.
d/b/a ADVANCE AUTO PARTS, a Virginia
Corporation, and DUPLI-COLOR PRODUCTS
COMPANY, a Delaware Corporation.

     Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, MICHAEL CHERNY and LISA CHERNY, (collectively "Plaintiffs")
hereby sue the Defendants, THE SHERWIN-WILLIAMS COMPANY, a foreign corporation,
and ADVANCE STORES COMPANY, INC. d/b/a ADVANCE AUTO PARTS, a foreign
corporation, and DUPLI-COLOR PRODUCTS COMPANY, a foreign corporation (collectively
"Defendants") and in support states as follows:

## JURISDICTION AND VENUE

1.  This is an action for damages exceeding $15,000 exclusive of costs, interest, and
attorneys' fees.

2.  At all times relevant to this lawsuit, Plaintiffs were residents of Marion County, Florida.

3.  Defendant THE SHERWIN-WILLIAMS COMPANY is an Ohio corporation which
transacts business in the state of Florida.

4. Defendant ADVANCE STORES COMPANY, INC. d/b/a ADVANCE AUTO PARTS is a Virginia corporation which transacts business in the state of Florida.

5. Defendant DUPLI-COLOR PRODUCTS COMPANY is a Delaware corporation which transacts business in Florida.

6. Venue is appropriate in this Court as the actions or omissions giving rise to this lawsuit occurred in Marion County, Florida.

## GENERAL ALLEGATIONS

7. On or about October 11, 2006, Plaintiff MICHAEL CHERNY purchased a can of Dupli-Color Acrylic Enamel spray paint from an Advance Auto Parts retail store located in Marion County, Florida.

8. The can of spray paint at issue was manufactured, and distributed, by DUPLI-COLOR PRODUCTS COMPANY, or THE SHERWIN-WILLIAMS COMPANY.

9. On or about October 11, 2006, Plaintiff MICHAEL CHERNY attempted to use the can of spray paint he had just purchased consistent with its intended use.

10. On or about October 11, 2006, Plaintiff MICHAEL CHERNY twice attempted to use the can of spray paint, only to discover it was not functioning properly.

11. On or about October 11, 2006, Plaintiff MICHAEL CHERNY attempted, for a third time, to use the can of spray paint he had just purchased in a manner consistent with its normal and intended use, when the can suddenly, and without warning, exploded causing significant injuries to Plaintiff MICHAEL CHERNY's face.

12. As a result, Plaintiff MICHAEL CHERNY has suffered significant permanent injuries and disfigurement.

## COUNT I – STRICT LIABILITY – THE SHERWIN-WILLIAMS COMPANY

13. Plaintiff MICHAEL CHERNY realleges and reavers the allegations contained in Paragraphs 1 through 12 as if fully restated herein.

14. At all times relevant, Defendant THE SHERWIN-WILLIAMS COMPANY was engaged in the business of manufacturing and distributing paint products, including the product which ultimately caused Plaintiff MICHAEL CHERNY's injuries.

15. Defendant, THE SHERWIN-WILLIAMS COMPANY, placed the spray paint can in to the market in a defective or dangerous condition, and not fit for use consistent with its normal and customary purpose.

16. The spray paint at issue contained a manufacturing defect which rendered it unreasonably dangerous.

17. Plaintiff MICHAEL CHERNY was a foreseeable end user of the spray paint manufactured and distributed by Defendant THE SHERWIN-WILLIAMS COMPANY.

18. The manufacturing defect and resulting unreasonably dangerous condition of the spray paint at issue was the direct and proximate causes of Plaintiff MICHAEL CHERNY's injuries, for which Defendant THE SHERWIN-WILLIAMS COMPANY is strictly liable.

19. As a result of the acts and omissions by Defendant The SHERWIN-WILLIAMS COMPANY, Plaintiff MICHAEL CHERNY has suffered significant injuries resulting in pain and suffering, disfigurement, mental anguish, past and future medical expenses and loss of the capacity for enjoyment of life. Plaintiff MICHAEL CHERNY's injuries are permanent and as such he will continue to incur future damages.

WHEREFORE, Plaintiff MICHAEL CHERNY demands a judgment against Defendant THE SHERWIN-WILLIAMS COMPANY in an amount exceeding fifteen thousand dollars ($15,000), plus costs, attorneys' fees, and any other relief this Court deems just and proper.

## COUNT II – STRICT LIABILITY – ADVANCE STORES INC., d/b/a ADVANCE AUTO PARTS

20. Plaintiff MICHAEL CHERNY realleges and reavers the allegations contained in Paragraphs 1 through 12 as if fully restated herein.

21. At all times relevant, Defendant ADVANCE STORES COMPANY, INC. d/b/a ADVANCE AUTO PARTS was in the business of selling auto parts, including the spray paint purchased by Plaintiff MICHAEL CHERNY which ultimately caused his injuries.

22. Defendant ADVANCE STORES COMPANY, INC. d/b/a ADVANCE AUTO PARTS sold the spray paint in an unreasonably dangerous condition, knowing that end users, such as Plaintiff MICHAEL CHERNY, would use the spray paint with the expectation that it would not be defective and would work consistent with its intended purpose.

23. Defendant, ADVANCE STORES COMPANY, INC. d/b/a ADVANCE AUTO PARTS, placed the spray paint can in to the market in a defective or dangerous condition, and not fit for use consistent with its normal and customary purpose.

24. The spray paint at issue contained a manufacturing defect which rendered it unreasonably dangerous.

25. Plaintiff MICHAEL CHERNY was a foreseeable end user of the spray paint sold by Defendant ADVANCE STORES COMPANY, INC. d/b/a ADVANCE AUTO PARTS.

26. The unreasonably dangerous condition of the spray paint at issue was the direct and proximate causes of Plaintiff MICHAEL CHERNY's injuries, for the sale of which Defendant ADVANCE STORES COMPANY, INC. d/b/a ADVANCE AUTO PARTS is strictly liable.

27. As a result of the acts and omissions by Defendant ADVANCE STORES COMPANY,

INC. d/b/a ADVANCE AUTO PARTS, Plaintiff MICHAEL CHERNY has suffered significant

injuries resulting in pain and suffering, disfigurement, mental anguish, past and future medical

expenses and loss of the capacity for enjoyment of life. Plaintiff MICHAEL CHERNY's injuries

are permanent and as such he will continue to incur future damages.

WHEREFORE, Plaintiff MICHAEL CHERNY demands a judgment against Defendant

ADVANCE STORES COMPANY, INC. d/b/a ADVANCE AUTO PARTS in an amount

exceeding fifteen thousand dollars ($15,000), plus costs, attorneys' fees, and any other relief this

Court deems just and proper.

## COUNT III – BREACH OF IMPLIED WARRANTY – THE SHERWIN-WILLIAMS COMPANY

28. Plaintiff MICHAEL CHERNY realleges and reavers the allegations contained in

Paragraphs 1 through 12 as if fully restated herein.

29. At all times relevant, Defendant THE SHERWIN-WILLIAMS COMPANY was engaged

in the business of manufacturing and distributing paint products, including the product which

ultimately caused Plaintiff MICHAEL CHERNY's injuries.

30. Defendant THE SHERWIN-WILLIAMS COMPANY implicitly warranted to consumers,

such as Plaintiff MICHAEL CHERNY, that its products were fit for their ordinary purpose.

31. Plaintiff MICHAEL CHERNY relied upon said warranty and provided proper notice to

Defendant THE SHERWIN-WILLIAMS COMPANY of its breach.

32. Defendant THE SHERWIN-WILLIAMS COMPANY breached its implied warranty by

placing a defective product into the market which was not fit for its ordinary use.

33. The manufacturing defect and resulting unreasonably dangerous condition of the spray

paint at issue was the direct and proximate causes of Plaintiff MICHAEL CHERNY's injuries.

5

34. As a result of the acts and omissions by Defendant THE SHERWIN-WILLIAMS COMPANY, Plaintiff MICHAEL CHERNY has suffered significant injuries resulting in pain and suffering, disfigurement, mental anguish, past and future medical expenses and loss of the capacity for enjoyment of life. Plaintiff MICHAEL CHERNY's injuries are permanent and as such he will continue to incur future damages.

WHEREFORE, Plaintiff MICHAEL CHERNY demands a judgment against Defendant THE SHERWIN-WILLIAMS COMPANY in an amount exceeding fifteen thousand dollars ($15,000), plus costs, attorneys' fees, and any other relief this Court deems just and proper.

## COUNT IV – NEGLIGENCE OF THE SHERWIN-WILLIAMS COMPANY

35. Plaintiff MICHAEL CHERNY realleges and reavers the allegations contained in Paragraphs 1 through 12 as if fully restated herein.

36. At all times relevant, Defendant THE SHWERIN-WILLIAMS COMPANY was engaged in the business of manufacturing and distributing paint products, including the product which ultimately caused Plaintiff MICHAEL CHERNY's injuries.

37. As a result, Defendant owed Plaintiff MICHAEL CHERNY a duty of reasonable care in manufacturing its products and breached such duty by placing a defective product into the marketplace and failing to warn consumers of known dangers.

38. As a result of the acts and omissions by Defendant THE SHERWIN-WILLIAMS COMPANY, Plaintiff MICHAEL CHERNY has suffered significant injuries resulting in pain and suffering, disfigurement, mental anguish, past and future medical expenses and loss of the capacity for enjoyment of life. Plaintiff MICHAEL CHERNY's injuries are permanent and as such he will continue to incur future damages.

WHEREFORE, Plaintiff MICHAEL CHERNY demands a judgment against Defendant THE SHERWIN-WILLIAMS COMPANY in an amount exceeding fifteen thousand dollars ($15,000), plus costs, attorneys' fees, and any other relief this Court deems just and proper.

## COUNT V – NEGLIGENCE – ADVANCE STORES INC., d/b/a ADVANCE AUTO PARTS

39. Plaintiff MICHAEL CHERNY realleges and reavers the allegations contained in Paragraphs 1 through 12 as if fully restated herein.

40. At all times relevant, Defendant ADVANCE STORES COMPANY, INC. d/b/a ADVANCE AUTO PARTS was in the business of selling auto parts, including the spray paint purchased by Plaintiff MICHAEL CHERNY which ultimately caused his injuries.

41. As a result, Defendant owed Plaintiff MICHAEL CHERNY a duty of reasonable care in manufacturing its products and breached such duty by placing a defective product into the marketplace and failing to warn consumers of known dangers.

42. As a result of the acts and omissions by Defendant ADVANCE STORES COMPANY, INC. d/b/a ADVANCE AUTO PARTS, Plaintiff MICHAEL CHERNY has suffered significant injuries resulting in pain and suffering, disfigurement, mental anguish, past and future medical expenses and loss of the capacity for enjoyment of life. Plaintiff MICHAEL CHERNY's injuries are permanent and as such he will continue to incur future damages.

WHEREFORE, Plaintiff MICHAEL CHERNY demands a judgment against Defendant ADVANCE STORES COMPANY, INC. d/b/a ADVANCE AUTO PARTS in an amount exceeding fifteen thousand dollars ($15,000), plus costs, attorneys' fees, and any other relief this Court deems just and proper.

WHEREFORE, Plaintiff MICHAEL CHERNY demands a judgment against Defendant DUPLI-COLOR PRODUCTS COMPANY in an amount exceeding fifteen thousand dollars ($15,000), plus costs, attorneys' fees, and any other relief this Court deems just and proper.

## COUNT VII – BREACH OF IMPLIED WARRANTY – DUPLI-COLOR PRODUCTS COMPANY

50. Plaintiff MICHAEL CHERNY realleges and reavers the allegations contained in Paragraphs 1 through 12 as if fully restated herein.

51. At all times relevant, Defendant DUPLI-COLOR PRODUCTS COMPANY was engaged in the business of manufacturing and distributing paint products, including the product which ultimately caused Plaintiff MICHAEL CHERNY's injuries.

52. Defendant DUPLI-COLOR PRODUCTS COMPANY implicitly warranted to consumers, such as Plaintiff MICHAEL CHERNY, that its products were fit for their ordinary purpose.

53. Plaintiff MICHAEL CHERNY relied upon said warranty and provided proper notice to Defendant DUPLI-COLOR PRODUCTS COMPANY of its breach.

54. Defendant DUPLI-COLOR PRODUCTS COMPANY breached its implied warranty by placing a defective product into the market which was not fit for its ordinary use.

55. The manufacturing defect and resulting unreasonably dangerous condition of the spray paint at issue was the direct and proximate causes of Plaintiff MICHAEL CHERNY's injuries.

56. As a result of the acts and omissions by Defendant DUPLI-COLOR PRODUCTS COMPANY, Plaintiff MICHAEL CHERNY has suffered significant injuries resulting in pain and suffering, disfigurement, mental anguish, past and future medical expenses and loss of the capacity for enjoyment of life. Plaintiff MICHAEL CHERNY's injuries are permanent and as such he will continue to incur future damages.

WHEREFORE, Plaintiff MICHAEL CHERNY demands a judgment against Defendant DUPLI-COLOR PRODUCTS COMPANY in an amount exceeding fifteen thousand dollars ($15,000), plus costs, attorneys' fees, and any other relief this Court deems just and proper.

## COUNT VIII – NEGLIGENCE OF DUPLI-COLOR PRODUCTS COMPANY

57. Plaintiff MICHAEL CHERNY realleges and reavers the allegations contained in Paragraphs 1 through 12 as if fully restated herein.

58. At all times relevant, Defendant DUPLI-COLOR PRODUCTS COMPANY was engaged in the business of manufacturing and distributing paint products, including the product which ultimately caused Plaintiff MICHAEL CHERNY's injuries.

59. As a result, Defendant owed Plaintiff MICHAEL CHERNY a duty of reasonable care in manufacturing its products and breached such duty by placing a defective product into the marketplace and failing to warn consumers of known dangers.

60. As a result of the acts and omissions by Defendant DUPLI-COLOR PRODUCTS COMPANY, Plaintiff MICHAEL CHERNY has suffered significant injuries resulting in pain and suffering, disfigurement, mental anguish, past and future medical expenses and loss of the capacity for enjoyment of life. Plaintiff MICHAEL CHERNY's injuries are permanent and as such he will continue to incur future damages.

WHEREFORE, Plaintiff MICHAEL CHERNY demands a judgment against Defendant DUPLI-COLOR PRODUCTS COMPANY in an amount exceeding fifteen thousand dollars ($15,000), plus costs, attorneys' fees, and any other relief this Court deems just and proper.

## COUNT IX – LOSS OF CONSORTIUM CLAIM

61. The Plaintiffs MICHAEL CHERNY and LISA CHERNY, reiterate and reallege all of the allegations contained in paragraphs 1 through 12 as if fully restated herein.

10

62. As a direct and proximate cause of the negligence of each of the Defendants, the Plaintiff, LISA CHERNY, suffered the loss, by reason of Plaintiff MICHAEL CHERNY'S injury, of services, comfort, companionship, society and attentions.

WHEREFORE, the Plaintiff, LISA CHERNY, demands judgment for damages against the Defendants in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), plus the costs of these proceedings and hereby demand a trial by jury.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated this _31_ day of August, 2010.

Gregory D. Jones, Esquire
Florida Bar No. 372285
Jonathan N. Zeifert, Esquire
Florida Bar No.: 14100
*RYWANT, ALVAREZ, JONES,*
*RUSSO & GUYTON, P.A.*
109 North Brush Street, Suite 500
Tampa, Florida 33602
(813) 229-7007 - telephone
(813) 223-6544 - facsimile
Attorneys for Plaintiffs

11